F I L E D
CLERK OF COURT

2024 SEP -4 PM 4:09

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0408-24** |
|  | ) GPD REPORT NO.: 24-13971 |
| vs. | ) |
|  | ) |
| **ROBBY ALBERT LEON GUERRERO,** | ) **DECISION AND ORDER** |
| DOB: 01/21/1988 | ) **GRANTING THE MOTION FOR** |
|  | ) **JUDGMENT OF ACQUITTAL** |
| Defendant. | ) |

This matter came before the Honorable Alberto E. Tolentino on Defendant Robby Albert Leon Guerrero's ("Defendant") oral Motion for Judgment of Acquittal following the close of the People of Guam's case-in-chief during the jury trial on this matter on August 28, 2024. The Defendant was present with counsel Alternate Public Defender Peter Santos. Chief Prosecutor with the Office of the Attorney General Gloria Rudolph was present on behalf of the People of Guam ("People"). Upon consideration of the parties' oral arguments during the hearing on the motion, the witnesses' testimonies, the evidence presented, and applicable legal authority, the Court **GRANTED** Defendant's Motion for Judgment of Acquittal from the bench. The Court now issues this Decision and Order memorializing its decision.

## I. RELEVANT FACTS

The Defendant is charged with: (1) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO MANUFACTURE, DELIVER, OR DISPOSE (As a First Degree Felony); and (2) POSSESSION OF A SCHEDULE II

CONTROLLED SUBSTANCE (As a Third Degree Felony). Indictment, June 21, 2024. Upon asserting his right to speedy trial, trial for this matter commenced on August 26, 2024. On August 28, 2024, the People began its case-in-chief by calling Guam Police Department (GPD) Officer Carl Eugene Duenas Castro who was questioned about the chain of custody over two items of evidence[1], which were eventually relinquished to the court. *Jury Trial*, 10:14:30–10:28:39AM (Aug. 28, 2024).

The People called their second witness, Office Roque Pangelinan, who testified that he was the one who stopped the Defendant on June 14, 2024, and noticed visible signs of distress, including "deep breathing and rubbing his head and thighs." *Jury Trial*, 10:33:20–35:30AM (Aug. 28, 2024). Officer Pangelinan also indicated that the Defendant was only able to produce a Guam Identification card instead of a Guam Driver's License and registration. *Id.* at 10:35:38–36:06AM.

The last witness the People called was Edward Perez, a criminalist with GPD. During his testimony, the Court certified Mr. Perez as an expert in drug analysis upon the People's request. *Jury Trial*, 11:00:20–11:00:30AM (Aug. 28, 2024). Following his certification, Mr. Perez testified about his drug testing procedures in general, and also his testing of the methamphetamine that was seized in this case. *Id.* at 11:01:30–11:05:27AM.

At the close of the People's case-in-chief, the Defendant presented his oral Motion for Judgment of Acquittal ("Motion"), arguing that the People failed to positively identify the Defendant as the individual who committed the charged offenses beyond a reasonable doubt. *Jury Trial*, 1:26:10–1:33:01PM (Aug. 28, 2024).

---

[1] Item 1 was 14 grams of methamphetamine seized at the crime scene. Item 2 was the Defendant's wallet.

## II. LEGAL ANALYSIS

In ruling on a motion for judgment of acquittal, a court "review[s] the evidence in the light most favorable to the People and determine[s] whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Wia*, 2020 Guam 17, ¶¶ 35-36 (citing *People v. Song*, 2012 Guam 21 ¶ 26 (citing *People v. Tennessen*, 2009 Guam 3 ¶ 14)); *see also*, 8 GCA § 90.21 (2005) ("No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."). "This is a 'highly deferential standard of review.'" *Song*, 2012 Guam 21 ¶ 26 (quoting *People v. Tenorio*, 2007 Guam 19 ¶ 9). However, "the People 'must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom.'" *Id.* at ¶ 28 (quoting *State v. Sisk*, 343 S.W.3d 60, 65 (Tenn. 2011)).

Moreover, "[i]t is not the province of the court, in determining [a motion for a judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury. *** [Instead, t]he court is concerned with the existence or nonexistence of evidence, not its weight, ... and this standard remains constant even when the People rely exclusively on circumstantial evidence. *Wia* at ¶ 36. (numerous citations omitted); *see also*, *People v. Cruz*, 1998 Guam 18 ¶ 9 ("A court determines whether a judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged.").

"Identification of the defendant as a person who committed the charged crime is always an essential element which the government must establish beyond a reasonable doubt." *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995), *as amended on denial of reh'g* (Apr. 11, 1995)(citing *United States v. Telfaire*, 469 F.2d 552, 555, 559 (D.C.Cir.1972); *United States*

*v. Fenster*, 449 F.Supp. 435, 439 (E.D.Mich.1978)). However, in-court identification by a witness is not necessarily required. *United States v. Fern*, 696 F.2d 1269, 1276 (11th Cir.1983). "Identification can be inferred from all the facts and circumstances that are in evidence." *United States v. Weed*, 689 F.2d 752, 754 (7th Cir.1982). "[A] witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." *United States v. Darrell*, 629 F.2d 1089, 1091 (5th Cir.1980). *See also, United States v. Miller*, 797 Fed. Appx. 288 (9th Cir. 2019) (appellate court reversed robbery conviction because the government failed to tie defendant to the scene of the crime or identify him as the person driving the getaway van and, therefore, "no rational juror court conclude *beyond a reasonable doubt* that Miller [committed the robbery].").

While an in-court identification of the Defendant is not generally required to establish identity, the evidence[2] was insufficient to permit the inference that the person on trial was the person who committed the crime. Although Officer Castro and GPD Criminalist Perez had no interactions with the Defendant that could establish a positive identification, Officer Pangelinan would have been able to positively identify the Defendant, because he was the officer who pulled over, questioned, and arrested the Defendant on June 14, 2024. Because none of the witnesses were asked to positively identify the Defendant during the trial, it is conceivable that the individual stopped on the evening of June 14, 2024, may not be the same individual who appeared in the courtroom for trial.

Based on the circumstantial evidence presented, the People argue that they have met their burden in proving beyond a reasonable doubt the Defendant's identification as an essential

---

[2] The following items were stipulated by the parties as evidence for this case: Custody receipts of Items 1 and 2; Curriculum vitae of Edward Perez; lab report prepared by Edward Perez; and Chain of Custody Report for Items 1 and 2. *Jury Trial*, 1:23:47-1:24:48PM (Aug. 28, 2024).

element of both crimes charged. By entering the Defendant's wallet into evidence as Item 2, the People argue that the Defendant's identification was established, because the Defendant's wallet held the Defendant's Guam identification card within it. *Jury Trial*, 1:35:30–1:35:56PM (Aug. 28, 2024). The additional circumstantial evidence that the People offered as proof of the Defendant's identification in this case was the fact that the Defendant had been in custody since he was arrested. *Id.* at 1:34:57–1:35:34PM.

Looking at the evidence in the light most favorable to the nonmoving party, a Guam identification card that is enclosed in a wallet, which is altogether encased in a sealed envelope neither opened nor presented to the jury, is not enough for any rational trier of fact to conclude that the Defendant in the courtroom was the same person who Officer Pangelinan pulled over and arrested on the evening of June 14, 2024. After examining the testimony, the circumstantial evidence, and the evidence stipulated by the parties, in a light most favorable to the People, the Court finds in favor of the Defendant's acquittal as the People failed to prove beyond a reasonable doubt an essential element of the crimes charged: that the Defendant on trial was also the Defendant Robby Albert Leon Guerrero who committed the both offenses charged on or about June 14, 2024. Indictment, June 21, 2024.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Defendant's Motion for Judgment of Acquittal on all charges.

**SO ORDERED** this **SEP 0 4 2024** .

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Ng , APD_
_9/4/24  4:14pm_
Date        Time
_Antonio G. Cruz_
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam